IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| LERONN SAMUEL, Plaintiff, vs. DISTRICT ATTORNEY, Defendant. | 8:19CV502 MEMORANDUM AND ORDER |

Plaintiff filed a Complaint on November 18, 2019. (Filing No. 1.) He has been given leave to proceed in forma pauperis. (Filing No. 9.) The court now conducts an initial review of Plaintiff's Complaint to determine whether summary dismissal is appropriate under 28 U.S.C. §§ 1915(e) and 1915A.

## I. SUMMARY OF COMPLAINT

Plaintiff is a pretrial detainee currently confined at the Douglas County Department of Corrections. He brings this action for damages pursuant to 42 U.S.C. § 1983 against a "District Attorney" in Omaha, Nebraska, whose name is unknown to Plaintiff. The "Statement of Claim" section of Plaintiff's form "Complaint for Violation of Civil Rights (Prisoner Complaint)" indicates that, in March of 2019, the District Attorney committed "prosecutorial misconduct" in violation of "sentencing guideline" and "28-320.01(3)" which the court infers to mean Neb. Rev. Stat. § 28-320.01(3) (providing penalty for offense of sexual assault of a child in the third degree). (Filing No. 1 at CM/ECF pp. 4–5.) No other facts are given, but the court's independent examination of the state court records for Douglas County, Nebraska, where Plaintiff is held, reveals that Plaintiff is subject to a pending criminal prosecution in the Douglas County District Court

where he is charged with first degree sexual assault, a Class II Felony, in violation of Neb. Rev. Stat. § 28-319(1)(c).[1]

## II. APPLICABLE LEGAL STANDARDS ON INITIAL REVIEW

The court is required to review prisoner and in forma pauperis complaints seeking relief against a governmental entity or an officer or employee of a governmental entity to determine whether summary dismissal is appropriate. *See* 28 U.S.C. §§ 1915(e) and 1915A. The court must dismiss a complaint or any portion of it that states a frivolous or malicious claim, that fails to state a claim upon which relief may be granted, or that seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B); 28 U.S.C. § 1915A(b).

Pro se plaintiffs must set forth enough factual allegations to "nudge[] their claims across the line from conceivable to plausible," or "their complaint must be dismissed." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 569-70 (2007); *see also Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.").

"The essential function of a complaint under the Federal Rules of Civil Procedure is to give the opposing party 'fair notice of the nature and basis or grounds for a claim, and a general indication of the type of litigation involved.'" *Topchian v. JPMorgan Chase Bank, N.A.*, 760 F.3d 843, 848 (8th Cir. 2014) (quoting *Hopkins v. Saunders*, 199 F.3d 968, 973 (8th Cir. 1999)). However, "[a]

---

[1] *State v. Leronn D. Samuel*, No. CR19-1413, District Court of Douglas County, Nebraska. The court takes judicial notice of the state court records. *See Stutzka v. McCarville*, 420 F.3d 757, 761 n.2 (8th Cir. 2005) (court may take judicial notice of public records); Federal Rule of Evidence 201 (providing for judicial notice of adjudicative facts). Nebraska's judicial records may be retrieved on-line through the JUSTICE site, https://www.nebraska.gov/justice/case.cgi.

pro se complaint must be liberally construed, and pro se litigants are held to a lesser pleading standard than other parties." *Topchian*, 760 F.3d at 849 (internal quotation marks and citations omitted).

Liberally construed, Plaintiff here alleges federal constitutional claims. To state a claim under 42 U.S.C. § 1983, a plaintiff must allege a violation of rights protected by the United States Constitution or created by federal statute and also must show that the alleged deprivation was caused by conduct of a person acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988); *Buckley v. Barlow*, 997 F.2d 494, 495 (8th Cir. 1993).

### III. DISCUSSION

Plaintiff seeks damages against the District Attorney in his or her official capacity for actions related to the prosecution of his pending criminal case in Douglas County, Nebraska. Liberally construed, Plaintiff's official-capacity claims against the District Attorney are actually claims against Douglas County. "A suit against a public employee in his or her official capacity is merely a suit against the public employer." *Johnson v. Outboard Marine Corp.*, 172 F.3d 531, 535 (8th Cir. 1999). To state a plausible claim against Douglas County, Plaintiff must allege that a "policy" or "custom" caused a violation of his constitutional rights.

A county or city may only be liable under § 1983 if its "policy" or "custom" caused a violation of Plaintiff's constitutional rights. *Doe By and Through Doe v. Washington County*, 150 F.3d 920, 922 (8th Cir. 1998) (citing *Monell v. Department of Soc. Servs.*, 436 U.S. 658, 694 (1978)). An "official policy" involves a deliberate choice to follow a course of action made from among various alternatives by an official who has the final authority to establish governmental policy. *Jane Doe A By and Through Jane Doe B v. Special School Dist. of St. Louis County*, 901 F.2d 642, 645 (8th Cir.1990) (citing *Pembaur v. City of Cincinnati*, 475 U.S. 469, 483 (1986)). To establish the existence of a governmental custom, a plaintiff must prove:

3

> 1) The existence of a continuing, widespread, persistent pattern of unconstitutional misconduct by the governmental entity's employees;
>
> 2) Deliberate indifference to or tacit authorization of such conduct by the governmental entity's policymaking officials after notice to the officials of that misconduct; and
>
> 3) That plaintiff was injured by acts pursuant to the governmental entity's custom, i.e., that the custom was the moving force behind the constitutional violation.

*Jane Doe*, 901 F.2d at 646.

Here, Plaintiff does not allege that there is a continuing, widespread, persistent pattern of unconstitutional misconduct by Douglas County's attorneys, or that Douglas County's policymaking officials were deliberately indifferent to or tacitly authorized any unconstitutional conduct, or that any unconstitutional custom was the moving force behind his injuries. Even with the most liberal construction, Plaintiff has failed to allege sufficient facts to state a claim upon which relief may be granted against Douglas County. Accordingly, Plaintiff's claims against the unnamed District Attorney in his or her official capacity will be dismissed. *See Parsons v. McCann*, 138 F. Supp. 3d 1086, 1098 (D. Neb. 2015) (claims against county attorneys in their official capacities were actually claims against county that employed them).

Additionally, the court concludes that it would be futile to give Plaintiff an opportunity to amend his Complaint to allege plausible claims against the District Attorney in his or her individual capacity as the District Attorney would be entitled to absolute prosecutorial immunity. "Prosecutors are entitled to absolute immunity from civil liability under § 1983 when they are engaged in prosecutorial functions that are 'intimately associated with the judicial process.'" *Schenk v. Chavis*, 461 F.3d 1043, 1046 (8th Cir. 2006) (quoting *Anderson v. Larson*, 327 F.3d 762, 768 (8th Cir. 2003)). Thus, absolute immunity attaches when a prosecutor's actions are

4

"prosecutorial" rather than "investigatory or administrative." *Id.* "Absolute immunity covers prosecutorial functions such as the initiation and pursuit of a criminal prosecution, the presentation of the state's case at trial, and other conduct that is intimately associated with the judicial process." *Brodnicki v. City of Omaha*, 75 F.3d 1261, 1266 (8th Cir.1996). Here, giving the Complaint its most liberal construction, Plaintiff seeks damages against the District Attorney for actions solely related to Plaintiff's criminal proceedings and, thus, within the scope of the District Attorney's prosecutorial functions. Accordingly, the bar of absolute immunity would apply to Plaintiff's claims.

IT IS THEREFORE ORDERED that: Plaintiff's Complaint (filing no. 1) is dismissed with prejudice. The court will enter judgment by separate document.

Dated this 6th day of March, 2020.

BY THE COURT:

*Richard G. Kopf*

Richard G. Kopf
Senior United States District Judge